UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 5380 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Coleman |
| Chicago Police Officers | ) | |
| MICHAEL MOE, Star 15832, | ) | Magistrate Judge Cole |
| JERRY CRISP, Star 12580, and | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, Michael Moe, Jerry Crisp, and the City of Chicago, by and through their attorneys, Thomas Platt, Chief Assistant Corporation Counsel, and Anne K. Preston, Assistant Corporation Counsel, hereby submit the following memorandum of law in support of their motion for summary judgment, and state as follows:

## STATEMENT OF THE CASE

On February 4, 2011, Plaintiff, Angel Garcia, filed a three count first amended complaint against the above named defendants pursuant to 42 U.S.C. § 1983. Count I alleges a Section 1983 claim for unreasonable seizure against Defendants Moe and Crisp. Count II alleges a Section 1983 claim for false arrest/imprisonment against Defendants Moe and Crisp. Count III alleges an indemnity claim against Defendant City of Chicago pursuant to 745 ILCS 10/9-102. Defendants Michael Moe, Jerry Crisp, and the City of Chicago (hereinafter collectively referred to as "Defendants") now move for summary judgment on all claims.

## STATEMENT OF FACTS

See Defendants' Local Rule 56.1(a)(3) Statement of Uncontested Facts in Support of Their Motion for Summary Judgment ("Def. 56.1 ¶__") filed on February 10, 2011.

## STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Once a motion for summary judgment has been made and properly supported, the non-movant has the burden of setting forth specific facts showing the existence of a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cert. denied*, 484 U.S. 1066 (1988). "Merely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989).

While "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party," *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158 (1980), only reasonable inferences, and not all conceivable inferences, will be drawn. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)(summary judgment is appropriate where the evidence supporting the nonmovant "is merely colorable or is not significantly probative"). Even the "existence of a factual dispute will not bar summary judgment unless `the disputed fact is outcome determinative under governing law.'" *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987) (citation omitted).

## ARGUMENT

**I.  PLAINTIFF'S UNREASONABLE SEIZURE AND FALSE ARREST
    CLAIMS (COUNTS I & II) FAIL BECAUSE DEFENDANT
    OFFICERS HAD PROBABLE CAUSE TO SEIZE AND ARREST
    PLAINTIFF PURSUANT TO AN ARREST WARRANT**

The valid arrest warrant for Angel Garcia provided Defendants with probable
cause to seize and arrest Plaintiff.  Moreover, the Fourth Amendment does not require
further investigation into Plaintiff's alleged claim of mistaken identity at the time of the
arrest.  Defendants reasonably believed that the Plaintiff was the wanted fugitive sought
(Angel Garcia) in an arrest warrant.  Def. 56.1 ¶ 10, 11, 17, 18, & 24.  Therefore,
summary judgment should be granted in favor of Defendants because Officers Moe and
Crisp had probable cause to seize or arrest Plaintiff pursuant to a valid arrest warrant for
an individual with the same name (Angel Garcia), gender (male), and birth date (May 19,
1975) as Plaintiff.  Def. 56.1 ¶ 11, 24, 27, 28, & 29.

The Fourth Amendment to the United States Constitution protects the right of
citizens "to be secure in their persons, houses, papers, and effects against unreasonable
searches and seizures."  U.S. Const. Amend. IV.  An arrest warrant is issued by a judge
and "thus the warrant primarily serves to protect an individual from an unreasonable
seizure."  *Steagald v. United States*, 451 U.S. 204, 213 (1981).  "An arrest warrant
founded on probable cause implicitly carries with it the limited authority to enter a
dwelling in which the suspect lives when there is reason to believe the suspect is within."
*Payton v. New York*, 445 U.S. 573, 603 (1980).  An arrest warrant gives officers authority
to "search anywhere in the house that [the subject of the warrant] might have been
found."  *Maryland v. Buie*, 494 U.S. 325, 330 (1990).

It was reasonable for Defendant Officers to enter Plaintiff's residence in order to arrest him pursuant to a valid arrest warrant. Def. 56.1 ¶ 10, 11, 13, 14. Prior to entry, Defendant Officers knocked on the door and rang the bell. Def. 56.1 ¶ 12. Prior to entry, Carmen Garcia told the officers that Angel lived there. Def. 56.1 ¶ 13 & 14. Carmen Garcia opened the door and told the officers Angel Garcia lived upstairs. Def. 56.1 ¶ 15. Plaintiff came downstairs, identified himself as Angel Garcia, and was told that the officers had a warrant for his arrest. Def. 56.1 ¶ 18 & 18. Moreover, the Seventh Circuit has held that "a person named in a valid warrant has no right to be at large, and so suffers no infringement of his rights when he is apprehended unless some other right is infringed, as would be the case had the police roughed up [plaintiff] gratuitously in the course of trying to determine whether he was the person named in the warrant." *Atkins v. City of Chicago*, __ F.3d ___, 2011 WL 206155 at *1 (holding that an invalid traffic stop that resulted in a proper arrest of plaintiff pursuant to an arrest warrant for an individual with the same name as plaintiff did not invalidate plaintiff's arrest, despite plaintiff's protests that he was not the person wanted and certain discrepancies between the identifying information of the person wanted and plaintiff), attached hereto as Exhibit A.

Defendants did not violate Plaintiff's constitutional rights when they seized and arrested Plaintiff pursuant to a valid arrest warrant for an individual with the same name, gender, birth date, and eye color. Def. 56.1 ¶ 11, 24, 27, 28, & 29. The existence of probable cause for an arrest is an absolute bar to a §1983 false arrest claim. *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991). "When the police have probable cause to arrest one party, and they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802 (1971), *quoting*

*People v. Hill*, 69 Cal.2d 550, 553 (1968). An arrest is constitutional, even if the incorrect person is arrested, so long as the arresting officers "(1) have probable cause to arrest the person sought and (2) reasonably believe that the person arrested is the person sought." *U.S. v. Marshall*, 79 F.3d 68, 69 (7th Cir. 1996). A valid arrest warrant provides the requisite probable cause for officers to make an arrest. *Baker v. McCollan*, 443 U.S. 137, 143 (1979); *Tibbs v. City of Chicago*, 469 F.3d 661, 664 (7th Cir. 2006). In the case at bar, the Plaintiff was arrested pursuant to a valid arrest warrant. Def. 56.1 ¶10 &18. Therefore, the only issue in this case is whether the Defendants reasonably believed that the person they arrested was the person named in the arrest warrant.

In its landmark opinion on mistaken arrests, the U.S. Supreme Court held that "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." *Hill v. California*, 401 U.S. 797, 804 (1971). In *Hill*, the Court held that police officers acted reasonably when they arrested Miller on an outstanding warrant for Hill, despite the undisputed facts that Miller showed identification to the arresting officers that reflected his name was Miller and that Miller and Hill were different heights and weights. *Id.* at 803 n. 6, 9. In addition, Miller was booked in his own name and was not released for a day and a half after a thorough investigation into his true identity. *Id.* at 803 n. 9. Nonetheless, the Court upheld the reasonableness of the arresting officers' actions, finding that their "mistake was understandable and the arrest a reasonable response to the situation facing them at the time." *Id.* at 804.

In *White v. Olig*, 56 F.3d 817 (7th Cir. 1995), the Seventh Circuit upheld the arrest based on mistaken identity under nearly identical circumstances as the case at bar. In *White*, Officer Olig was on routine patrol when he stopped Willie D. White intending

to issue a citation for driving without a seatbelt. *Id.* at 818. White provided his name and

birth date upon Olig's request for identification, and Olig's subsequent name check in the

squad car's computer system revealed an outstanding body attachment order for "Willie

White" with the same birth date as White, but differences in height and weight. *Id.* at

818-19. White spent three days in jail before authorities discovered that he was not the

man named in the warrant. *Id.* at 819. The Seventh Circuit affirmed the district court's

finding that Olig acted reasonably in arresting White, because White's name, race, county

of residence, birth date, and approximate weight matched those described on the warrant.

*Id.* at 820. The *White* court emphasized that "the peril of liability under section 1983

should not be placed upon arresting officers every time they are faced with the practical

dilemma of arresting or releasing an individual who, despite some discrepancies in

description, they reasonably believe to be the intended subject of an arrest warrant." *Id.*

More recently in *Tibbs v. City of Chicago*, 469 F.3d 661, 665 (7th Cir. 2006), the

Seventh Circuit affirmed the district court's order granting summary judgment, on Tibbs'

false arrest – unreasonable seizure claim, in favor of the police officers who arrested the

plaintiff, Ronald A. Tibbs, on an outstanding warrant for "Ronald L. Tibbs" despite the

plaintiff's assertions that he was not the wanted man. The plaintiff had the same first and

last name, race, and gender as listed on the warrant, but had a different birthdate. *Id.*

Notably, the *Tibbs* court reviewed other Seventh Circuit cases that dismissed false arrest

claims based on mistaken identity and held that "discrepancies between an arrest warrant

and the arrestee's physical appearance, address, and birthdate are often insufficient to

create a genuine factual dispute about whether arresting officers had probable cause." *Id.*

at 664.

Indeed, the Seventh Circuit has resolved numerous cases involving alleged mistaken identity arrests in favor of the defendant police officers where the name of the arrestee matched the name or alias on the warrant, despite vast physical discrepancies between the arrestee and the identifiers in the warrant. For example, in *Johnson v. Miller*, 680 F.2d 39, 40 (7th Cir. 1982), the court held that no Fourth Amendment violation occurred when officers twice arrested a white, female plaintiff pursuant to a warrant bearing her name, but identifying the offender as an African-American female, with different height, weight, and birth date than the plaintiff. The *Johnson* court focused on the matching name in upholding the arrest because "many a criminal will slip away while the officer anxiously compares the description in the warrant with the appearance of the person named in it and radios back any discrepancies to his headquarters for instructions." *Id.* at 41.

Similarly, in *Brown v. Patterson*, 823 F.2d 167, 168 (7th Cir. 1987), the Seventh Circuit denied a Fourth Amendment claim where the plaintiff was arrested on a warrant that listed his name, Anthony Brown, as an alias for the offender named "Anthony Moseley." Though both the plaintiff and the person named in the warrant were African-American males, their birthdates and addresses differed. *Id.* at 169. Brown remained in jail for two days until he posted bail, and no further inquiry or fingerprinting was conducted to determine his true identity. *Id.* at 168. Not only did the court affirm that the officer acted reasonably, but the court even further validated his actions, stating that the officer "would have been imprudent *not* to take in Brown for further investigation." *Id.* at 169 (emphasis in the original).

In the instant case, as compared to *Hill*, *Tibbs*, *Johnson*, and *Brown*, the facts

which are undisputed for the purpose of this motion support the reasonableness of the Defendants' belief that the Plaintiff was the man named in the arrest warrant. Just like the arresting officers in *Tibbs* and *Johnson*, Defendants arrested the Plaintiff because the Plaintiff's first and last name identically matched the name listed in the warrant. Def. 56.1 ¶ 11, 24, 27, 28, & 29. The Defendants had an even stronger basis for their reasonable, but mistaken, belief that Plaintiff was wanted in the outstanding arrest warrant, than the defendants in *Hill*, where the arrestee's name was nowhere contained within the warrant, or in *Brown*, where the arrestee's name was merely an alias provided in the warrant. *Brown*, 823 F.2d at 168-170; *Hill*, 401 U.S. at 803-805. In the instant case, Plaintiff shared not only the name of the fugitive, but also the same exact birth date of May 19, 1975. Def. 56.1 ¶ 11, 24, 27 & 28. Therefore, according to the *White* opinion, Plaintiff's matching identifiers were sufficient to provide the arresting officers with a reasonable basis to arrest the Plaintiff. *White*, 56 F.3d at 818-820. In sum, Seventh Circuit precedent underscores that Defendants were not constitutionally required to halt their arrest of Plaintiff in order to cross-check the Plaintiff's height, weight, and social security number, against those listed in the warrant. To do so would allow a "golden moment to pass" and seriously hinder the Defendants' ability to apprehend a fleeing fugitive. *See Marshall*, 79 F.3d at 69.

Finally, pursuant to the U.S. Supreme Court's decision in *Baker v. McCollan*, 443 U.S. 137, 146 (1979), police officers are not required to conduct an error-free investigation into an arrestee's identity or even to investigate an arrestee's claim of innocence. Officers participating in the arrest of an offender based on a valid warrant are required to demonstrate only "the *reasonableness* of their belief that the person they

8

arrested was the person they were seeking." *Catlin v. City of Wheaton*, 574 F.3d 361, 366 (2009) (emphasis in original). In ideal circumstances, officers could do more in mistaken identity cases to ensure with certainty that they apprehended the correct person, but these extraordinary measures are not constitutionally required. *Id.*

Applying *Baker* and its progeny in the instant case, it is clear that Defendants did not violate Plaintiff's Fourth Amendment rights despite their mistaken belief that he was named in the arrest warrant. The Arresting Officers, Crisp and Moe, had no constitutional obligation to completely and correctly verify the Plaintiff's identity while carrying out the arrest. *Baker*, 443 U.S. at 146.

Therefore, Defendants move this Court to rule in accordance with legal precedent with respect to mistaken arrests. Defendants acted reasonably when they seized and arrested Plaintiff based on an outstanding arrest warrant, and no Fourth Amendment violation occurred because Plaintiff shared the same first and last name, as well as the same gender, eye color, and birth date, as the individual named in warrant. For these reasons, the undisputed facts before this Court warrant the granting of summary judgment for the Defendants on Counts I and II.

II.     **IN THE ALTERNATIVE, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO THE ALLEGATIONS CONTAINED IN COUNTS I AND II OF PLAINTIFF'S FIRST AMENDED COMPLAINT.**

In the alternative, summary judgment should be granted in favor of Defendant Officers Moe and Crisp because they are entitled to qualified immunity. Under the doctrine of qualified immunity, public officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). Qualified immunity protects government actors from liability for civil damages where their actions have not violated "clearly established" rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). In analyzing whether a right is clearly established, courts look to the law as it existed at the time of the alleged misconduct and compare the undisputed facts to other cases which define the parameters of the constitutional right at issue. *See Brosseau v. Haugen*, 543 U.S. 194, 199-200 (2004). Although qualified immunity is a defense to a Section 1983 suit, plaintiff bears the burden of establishing the elements of the two part test. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). To overcome qualified immunity, a plaintiff must show (1) a constitutional violation occurred and (2) the right at issue was clearly established at the time of the defendants' actions. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, for expediency, the court may determine qualified immunity based solely on a finding that the right at issue is not clearly established. *Catlin*, 547 F.3d at 365. Since Plaintiff cannot meet his burden in the instant case, Defendants are entitled to qualified immunity with respect to Counts I and II.

The case law upon which Defendants rely above in Section I demonstrates that no Fourth Amendment violation occurred in effectuating Plaintiff's arrest and that it was not clearly established in 2006, or even now, that it is unreasonable or unconstitutional to arrest an individual pursuant to a valid arrest warrant if some of the descriptors in the warrant match the arrestee and some descriptors do not. Under *White*, *Tibbs*, *Johnson*, and *Brown*, police officers must have an objectively reasonable belief based primarily on the name listed in an outstanding warrant that the arrestee is the correct person. *White*, 56

F.3d at 818; *Tibbs*, 469 F.3d at 665; *Johnson*, 680 F.2d at 40; *Brown*, 823 F.2d at 168. A

matching birth date strengthens the reasonableness of the arresting officers' actions.

*White*, 56 F.3d at 820. Undeniably, the Seventh Circuit has never definitively stated what

is required for a mistaken arrest, pursuant to a valid arrest warrant, to be reasonable in

accordance with the Fourth Amendment. Thus, a case law comparison supports the

application of qualified immunity in this case because each case differs as to which

identifiers must match an arrestee and which identifiers are of ancillary importance in

weighing the reasonableness of the arresting officers' determination to arrest a person

based on an outstanding warrant. Therefore, Plaintiff alleges that Defendants violated a

right that was not clearly established in 2006, and still is not clearly established today.

     Furthermore, the Seventh Circuit's unpublished decision to uphold the district

court's opinion in *Lauer v. Dahlberg*, 717 F. Supp. 612 (7th Cir. 1989) illuminates that

qualified immunity should apply in this case. *Lauer v. Dahlberg*, 907 F.2d 152 (Table)

(7th Cir. 1990). In *Lauer*, the defendant officer conducted a warrant check through the

Law Enforcement Data System ("LEADS") that indicated an outstanding warrant for the

plaintiff. *Lauer*, 717 F. Supp. at 613. Unbeknownst to the officer, that warrant had been

recalled the previous day. *Id.* In upholding the reasonableness of the arrest, the court

held that the officer was entitled to qualified immunity because the information obtained

through LEADS provided the basis for the officer's objectively reasonable belief that the

warrant was valid. *Id.* at 613-14. Notably, the court underscored "to hold otherwise

would be to place impossible burdens upon police officers." *Id.* at 614.

     In the case at bar, like *Lauer*, the Defendants are entitled to qualified immunity, as

they appropriately relied on information they obtained through their PDT for the

Plaintiff's first and last name. Def. 56.1 ¶ 10. The Defendants relied upon the matching identifiers of first and last name, as well as birth date and gender, when they arrested Plaintiff. Def. 56.1 ¶ 24. Therefore, pursuant to the U.S. Supreme Court's holding in *Baker* and the Seventh Circuit's holding in *Catlin*, the Defendants were not constitutionally required to conduct any further investigation to ensure with certainty that the Plaintiff was the correct individual before approving final charges. *Baker*, 443 U.S. at 146; *Catlin*, 574 F.3d at 366. The officers were entitled to rely on the PDT response, because all the Fourth Amendment demands is a reasonable belief that the arrestee is the fugitive sought in the warrant. *Catlin*, 574 F.3d at 366

Therefore, even if this Court finds that Defendant Officers committed a Fourth Amendment violation in mistakenly arresting Plaintiff, Defendants urge this Court to find that they are entitled to qualified immunity. Numerous decisions of the U.S. Supreme Court and the Seventh Circuit Court of Appeals illustrate that the parameters of the Fourth Amendment rights in the context of mistaken identity arrests was not clearly established on November 4, 2006. For this reason, this Court should grant Defendants' motion for summary judgment.

### III. DEFENDANT CITY OF CHICAGO IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S INDEMNIFICATION CLAIM (COUNT III).

Plaintiff's claim against Defendant City of Chicago for indemnification pursuant to 745 ILCS 10/2-109, in Count III, should be dismissed. If Defendant Officers are not liable for false arrest, then summary judgment must be granted in favor of Defendant City of Chicago. Under the Illinois Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if Defendant Officers Moe and Crisp are not liable to Plaintiff. 745

12

ILCS 10/2-109.   Therefore, summary judgment should be granted in favor of Defendant City of Chicago on Count III.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendants Jerry Crisp, Michael Moe, and the City of Chicago respectfully request that this Honorable Court grant Defendants' motion for summary judgment and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Thomas J. Platt
Thomas J. Platt
Attorney for Defendants
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-4833
Attorney No. 6181260

/s/ Anne K. Preston
Anne K. Preston
Attorney for Defendants
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 742-4045
Attorney No. 6287125