UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 5380 |
| vs. ) | |
| ) | |
| CITY OF CHICAGO, ) | Judge Coleman |
| Chicago Police Officers ) | |
| MICHAEL MOE, Star 15832, ) | Magistrate Judge Cole |
| JERRY CRISP, Star 12580, and ) | |
| ) | Jury Demand |
| Defendants. ) | |

## DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS

Defendants, Michael Moe ("Moe"), Jerry Crisp, ("Crisp") and City of Chicago ("City")(collectively referred to as "Defendants"), by their attorneys, Thomas J. Platt, Chief Assistant Corporation Counsel, and Anne K. Preston, Assistant Corporation Counsel, submit this Local Rule 56.1 Statement of Uncontested Facts in support of their Motion for Summary Judgment in this cause. Defendants state that these facts are deemed uncontested solely for the purpose of presenting their Motion for Summary Judgment. Defendants reserve the right to contest certain of these facts at trial in the event the motion is denied.

1. The jurisdiction of this court is proper under 28 U.S.C. §§1331 and 1343(a), based on Plaintiff Angel Garcia's (hereafter, "Plaintiff") claims for violation of civil rights under federal law (42 U.S.C.§1983). (Plaintiff's First Amended Complaint, ¶ 2, attached hereto as Exhibit 1; Defendants' Answer, ¶ 2, attached hereto as Exhibit 2).

2. Venue is proper in that events took place in Chicago, Illinois, located in the Northern District of Illinois (Exhibits 1 and 2, both at ¶ 3).

3.     Defendant Chicago Police Officers Moe and Crisp were duly sworn and appointed police officers acting under color of state law and in the course and scope of their employment for Defendant City of Chicago, a municipal corporation under Illinois law. (Exhibit 2, ¶¶ 6-8).

4.     On November 4, 2006, Defendant Officers Moe and Crisp worked the afternoon shift from 5:00 p.m. – 1:30 a.m. (Deposition of Jerry Crisp, portions thereof attached hereto as Exhibit 3, p. 14:12-24, p.15:1; Deposition of Michael Moe, portions thereof attached hereto as Exhibit 4, p. 16:22-24, p. 17:1-12)

5.     On November 4, 2006, Plaintiff was a student at John Marshall Law School and lived at 5235 S. Seeley Avenue, Chicago, Illinois. (Exhibit 1 ¶¶ 4, 5 and 9; Deposition of Angel Garcia, portions thereof attached hereto as Exhibit 5, p. 15:11-12).

6.     On November 4, 2006, Plaintiff was driving home. (Exhibit 5, p. 44: 23-24; p. 45: 1-2). As Plaintiff drove east on Garfield Boulevard, he noticed a marked "standard" blue and white police car behind him. (Exhibit 5, p. 49: 13-21) The police car was not directly behind Plaintiff's car. (Exhibit 5, p. 50:19-22).

7.     As Plaintiff turned onto Seeley and parked in front of his home, he no longer saw the police car. (Exhibit 5, p. 51:2-11). Plaintiff does not know if the car he saw earlier on Garfield is the same car occupied by the officers who eventually arrested him. (Exhibit 5, p. 51:12-18).

8.     After parking his car, Plaintiff went into his apartment. (Exhibit 5, p. 52: 7-9).

9.     At the time of this incident, Defendant Officers Moe and Crisp were on duty in

2

regular blue police uniforms and in a marked police car. (Exhibit 4, p. 16:22-24, p. 17:1-6, p. 17:13-21; Exhibit 3, p. 14:12-15, p. 18:3-11).

10. Defendant Officers ran Plaintiff's license plate (Exhibit 3, p. 19:20-22). An officer "ran" plaintiff's name on the mobile car computer ("PDT"). (Exhibit 4, p. 24:11-14). The results of this inquiry showed that a there was an active warrant for an Angel Garcia. (Exhibit 4, p. 24:12-14).

11. Defendant Officers learned through their PDT that warrant #099W0224 was issued on September 22, 1999 for an individual named Angel Garcia, a white male, born on May 19, 1975, approximately 5 feet 5 inches tall, weighing about 160 pounds, with brown hair and brown eyes, and Social Security number xxx-xx-5012, for failure to appear in court and no valid driver's license. (Exhibit 3, p. 29:6-24, p. 30:1-19, p. 31:2-5)

12. Police officers knocked on the door and rang the doorbell at 5235 S. Seeley. (Deposition of Carmen Garcia, portions thereof attached hereto as Exhibit 6, p. 8:15-21).

13. The policemen asked Carmen Garcia if Angel Garcia was there. (Exhibit 6, p. 23:1-2)

14. Carmen Garcia yelled "Angel, the police is looking for you." (Exhibit 6, p. 23:2-3)

15. Then, the policemen said, "open the door" (the outer steel door). (Exhibit 6, p. 23:3-4) Carmen Garcia opened the door and the police entered. (Exhibit 6, p. 23:5-6) Carmen Garcia told the police that Angel lived upstairs. (Exhibit 6, p. 24:2)

16. Plaintiff first saw the Defendants after being called to the front door of

3

his building by his mother. (Exhibit 5, p. 43:12-24).

17. When Plaintiff came downstairs, the officers asked plaintiff his name. (Exhibit 5, p.65:18-20). An officer asked if he was Angel Garcia. Plaintiff told the officers yes. (Exhibit 5, p. 43:20-24, p. 44:1-3)

18. At the base of the stairwell an officer grabbed Plaintiff and said "we have a warrant for your arrest." (Exhibit 5, p. 43:20-24)

19. Plaintiff admits he was told the officers had warrant for his arrest. (Exhibit 5, p. 66:22-24). The officers told him it was a suburban warrant and asked if he was aware of an arrest warrant in another county. (Exhibit 5, p. 67:2-13).

20. According to Moe and Crisp, when asked about the warrant, Plaintiff responded that he might have missed a court date or a DUI class. (Exhibit 4, p. 24:5-10; Exhibit 3 p. 25:16-20).

21. Plaintiff was taken to the squad car. (Exhibit 5; p. 44:10-12).

22. Plaintiff claims that he told the officers that the warrant was not for him. (Exhibit 5, p. 69:18-24).

23. According to Plaintiff, he recalls the arresting officers, Moe and Crisp, telling him that if the warrant was not his, he would be released in "hours." (Exhibit 5, p. 74:10-12).

24. The factors which led the officers to believe that plaintiff was the correct person wanted on the warrant included that plaintiff's name, date of birth and race all matched the person wanted in the warrant. (Exhibit 4, p.49: 17-22). Plaintiff's name, date of birth, gender and race matched warrant description (Exhibit 3, p. 56: 5-17)

4

25. Plaintiff was taken to the police station. (Exhibit 5, p. 79:6-8).

26. Both of the arresting officers, who came to Plaintiff's door, brought Plaintiff to the lock-up area. (Exhibit 5, p. 89:5-11) After completing the arrest report at approximately 11:22 p.m., the arrestee is taken to the lock-up. (Exhibit 3, p. 45:1-4, p. 45:12-13, p. 46:18-24) Once Plaintiff was in the lock-up, the lock-up personnel took control of Plaintiff. (Exhibit 5, p. 89: 15-20; Exhibit 3, p. 46: 18-24, p. 47: 1-4)

27. Plaintiff's full name is Angel Garcia and he has never been referred to by any name other than Angel Garcia. (Exhibit 5, p. 7:20-24)

28. Plaintiff's date of birth is May 19, 1975. (Exhibit 5, p. 8: 5-6)

29. Plaintiff is male. (Exhibit 5, p. 147:24, p.148:1)

30. Plaintiff was not carrying his Social Security card with him at the time of his arrest. (Exhibit 5, p. 81:4-6)

31. Officer Deborah Mabery began her shift on November 5, 2006 at 6:00 a.m. working at the hot desk. Deborah Mabery did not have any contact with Officers Moe and Crisp. (Deposition of Deborah Mabery, portions thereof attached hereto as Exhibit 7, pp. 16:19-21, 18:10-13, 45:7-12).

32. The typewritten portion of the Intrastate Hold Affidavit, which has Officer Moe's name typed on it, was completed by the Chicago Police Department's extradition unit. (Exhibit 7, p. 26:6-11, p. 43:2-20; Intrastate Hold Affidavit, attached hereto as Exhibit 8) Deborah Mabery completed the handwritten portion of the Intrastate Hold Affidavit for Angel Garcia regarding his November 4, 2006 arrest. (Exhibit 7, p. 25:12-21, p. 26:12-17; Exhibit 8) Per

Chicago Police Department general orders, the desk sergeant is responsible for filling out the Intrastate Hold Affidavit. (Exhibit 7, p. 28:20-24, p. 29:1-7; Exhibit 8 ).

33.     If there are no local charges for the arrestee, they are not bonded out from the district station. (Deposition of Robert Pet, portions thereof attached hereto as Exhibit 9, p. 61:18-24, p. 62: 1) For arrestees, like Plaintiff, with a warrant issued outside the First Municipal District and no local charges, they will be transported from the district of arrest to the Central Bond Court. (Exhibit 9, p. 123:19-24, p. 124:1-2)

Respectfully submitted,

/s/ Thomas J. Platt
Thomas J. Platt
Attorney for Defendants
30 N. LaSalle St., Suite 900
Chicago, IL  60602
(312) 744-4833
Attorney No. 6181260

/s/ Anne K. Preston
Anne K. Preston
Attorney for Defendants
30 N. LaSalle St., Suite 900
Chicago, IL  60602
(312) 742-4045
Attorney No. 6287125