IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANGEL GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 05380 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Angel Garcia, filed a complaint against the City of Chicago and Chicago Police Officers Jerry Crisp and Michael Moe, pursuant to 42 U.S.C. § 1983 alleging: (1) unreasonable seizure, (2) false arrest and imprisonment, and (3) against the City of Chicago for indemnity. Defendants now move for summary judgment on all claims because the undisputed facts show that plaintiff was arrested pursuant to a valid arrest warrant for an individual named Angel Garcia. For the reasons that follow, defendants' motion for summary judgment [66] is granted.

**Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment the Court construes all reasonable inferences in the light most favorable to the non-moving party. Abdullahi v. City of Madison, 423 F. 3d 763, 773 (7th Cir. 2005) . The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of

material fact that requires a trial to resolve. Celotex v. Catrett, 477 U.S. 317, 324 (1986).

**Background**

The following facts are undisputed except where noted. Defendant Officers, Michael Moe and Jerry Crisp, arrested plaintiff, Angel Garcia, on November 4, 2006. Defendants had a bench warrant for failure to appear in court on a ticket for driving without a valid license. The warrant called for the arrest of an Angel Garcia described as a white male with brown eyes, born on May 19, 1975, 5'5" tall and weighing 160 pounds. (Def. Ex. 5, Dkt. 87-5). At the time of his arrest, plaintiff was between 5'11 and 6'0" tall and weighed approximately 245 pounds. Plaintiff was born on May 19, 1975. The individual named in the warrant lives in Carol Stream, Illinois, and plaintiff lived in Chicago. Defendant officers did not have a copy of the actual warrant at the time of the arrest.

Subsequent to the arrest, plaintiff spent the night at the police station and was transferred to Cook County Jail in the morning. Plaintiff spent the following night in Cook County Jail. Plaintiff missed a day of work and law school classes. The Intrastate Hold Affidavit executed by the Chicago Police Department's extradition unit states that the warrant was for a 6-foot-tall, 242-pound man.

The parties do not agree on how the police came to arrest plaintiff on November 4, 2006. Plaintiff testified that on the evening of November 4, 2006, he drove home to his apartment at 5235 South Seeley Avenue. Plaintiff stated that he parked in front of his home and went into his apartment at around 10:00 p.m. the defendants came to his house and asked to talk to him. Defendants asked plaintiff if he had a warrant from DuPage County and he said he did not. Plaintiff contends that he repeatedly told the officers that the warrant was not for him.

It is undisputed that defendants ran plaintiff's license plate number in the mobile car computer. Defendants testified that they saw plaintiff peeking into a car window in the 5200 block of South Seeley Street and decided to stop him. Defendants testified that they knocked on plaintiff's door only after he was in custody to inform plaintiff's mother, at plaintiff's request, that they were taking plaintiff to Area 1 at 51st Street and Wentworth. Defendants stated that when they asked plaintiff about the warrant, he told them he might have missed a court date or a DUI class. Defendants argue that the facts in dispute are immaterial and can not defeat summary judgment.

**Discussion**

Plaintiff challenges his seizure and arrest, claiming that defendants had no lawful basis to detain and arrest him. Defendants contend that they seized and arrested plaintiff because they reasonably believed he was the individual named in the warrant, which would justify the seizure. See, e.g., Catlin v. City of Wheaton, 574 F.3d 361, 365 (7th Cir. 2009). Plaintiff argues that the defendant officers should have recognized the discrepancies between the warrant and his appearance, particularly height and weight. Plaintiff also asserts that defendants had a duty to investigate whether he was in fact the individual wanted in the warrant.

Although the parties present differing scenarios as to how the defendant officers came to arrest plaintiff, it is undisputed that defendants seized and arrested plaintiff pursuant to a warrant for a person named Angel Garcia. Plaintiff does not challenge the validity of the warrant. Plaintiff testified that he was at home, when his mother called to him from downstairs that the police were at the door looking for him. Plaintiff talked to the police and in response to the question of whether he had any warrants outstanding against him, plaintiff said none.

3

Defendants testified that they first saw plaintiff peering into a parked car in the 5200 block of South Seeley and decided to conduct a field interview. Defendants also testified that when plaintiff was asked if he knew of any warrants against him, plaintiff stated that he may have missed a court date or DUI class. Plaintiff denies making that statement. However, "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment." Borcky v. Maytag Corp., 248 F.3d 691, 695 7th Cir. 2001) (quoting Liu v. T & H Mach., Inc., 191 F.3d 790, 796 (7th Cir. 1999)). "Factual disputes are 'material' only when they 'might affect the outcome of the suit under the governing law." Id. (quoting Oest v. Illinois Dep't of Corrections, 240 F.3d 605, 610 (7th Cir. 2001)).

"The arrest of a person named in a valid warrant... even if it turns out to be the wrong individual, will not violate the *Fourth Amendment* unless the arresting officer acted unreasonably." White v. Olig, 56 F.3d 817, 819 (7th Cir. 1995). Generally, no issue of material fact as to probable cause exists where the individual arrested bears the same name as the person sought in a valid warrant even if there are discrepancies in appearance and birth date. See Tibbs v. City of Chicago, 469 F. 3d 661, 664 (7th Cir. 2006).

Here, plaintiff had the same first and last name as well as birth date as the person named in the warrant. The discrepancies that plaintiff points out, namely the difference in height and weight, are insufficient to create a dispute of a material fact. The Supreme Court and the Seventh Circuit have upheld the arrest of individuals with far less in common with the person named in the warrant as plaintiff here. In Hill v. California, 401 U.S. 797, 803, 91 S.Ct. 1106, 28 L. Ed. 2d 484 (1971), the Supreme Court found that the arresting officers had "a reasonable, good-faith belief" that the arrestee was in fact the person named in the warrant despite the fact that they had

4

different names. The court stated, that "sufficient probability, not certainty, is the touchstone of reasonableness under the *Fourth Amendment*...". Id.  In Catlin v. City of Wheaton, 574 F.3d 361 (7th Cir. 2009), the Seventh Circuit affirmed the grant of summary judgment, where the plaintiff was detained by police because he physically resembled the individual named in a warrant, though they shared no other traits.

In a situation nearly identical to the case at bar, in White v. Olig, 56 F.3d 817 (7th Cir. 1995), the Seventh Circuit affirmed the grant of summary judgment in favor of the defendants, where the plaintiff, Willie White, was mistakenly arrested and detained pursuant to a civil body attachment order issued against a different individual with the same name. The body attachment order described the "Willie White" sought as a six foot tall black male, weighing 180 pounds, born on February 10, 1960. Id. at 818.  The plaintiff Willie White was five foot seven and 175 pounds. Id. at 819. There, as in the case at bar, the plaintiff shared the same name and birth date as the person named in the warrant, but the height, weight and address of the individuals differed.

It is unfortunate that a budding law student would be introduced to the justice system in this manner, and this Court does not condone the mistake made by the arresting officers. Although it may be prudent for law enforcement to implement some type of protocol for verifying the identity of arrestees, particularly where the names involved are common, the law is clear that in instances of mistaken identity such as this, there is no constitutional violation for an arrest pursuant to a valid warrant. This Court hopes that with the technological advancements of our era, mistakes such as this will be more readily avoided and more quickly resolved.

Nevertheless, based on the foregoing, this Court finds that the undisputed facts show,

even when viewed in the light most favorable to plaintiff, the defendant officers Moe and Crisp had probable cause to arrest the person sought pursuant to the arrest warrant, and reasonably believed that plaintiff Angel Garcia, born May 19, 1975, was the Angel Garcia, born May 19, 1975, named in the warrant. Therefore, the individual defendants are entitled to summary judgment on the issues of unreasonable seizure and false arrest. Since this plaintiff's claim against the City of Chicago is based only on indemnity, it must also be granted summary judgment. Accordingly, defendants' Motion for Summary Judgment [66] is granted.

IT IS SO ORDERED.

Date: September 15, 2011

Entered:_____

Sharon Johnson Coleman